UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ———————————— x | |
| : | **Case No.: _____** |
| CHERYL WINROW, on behalf of herself and : | |
| others similarly situated, : | |
| : | **Class Action** |
| Plaintiff, : | |
| : | **Demand for Jury Trial** |
| vs. : | |
| : | |
| WEBBANK and BLUESTEM BRANDS, : | |
| INC., : | |
| : | |
| Defendants. : | |
| ———————————— x | |

## CLASS ACTION COMPLAINT

Plaintiff Cheryl Winrow ("Plaintiff"), by and through the undersigned counsel, sues Defendants WebBank ("WebBank") and Bluestem Brands, Inc. d/b/a Fingerhut ("Fingerhut") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This is a class action brought against Defendants for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2.      Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)      to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

*****

1

> (iii) **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

3.    Upon information and belief, Defendants routinely violate 47 U.S.C. §227 (b)(1)(A)(iii) by placing non-emergency telephone calls to the cellular telephones of consumers using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the consumers.

## JURISDICTION

4.    This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

5.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Plaintiff resides in this State and this District, a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, and where Defendants transact business in this State and this District.

## PARTIES

6.    Plaintiff is a natural person who at all relevant times resided in the State of New Mexico, County of Otero, and City of Alamogordo.

7.    Defendant WebBank is an FDIC-insured, state-chartered industrial bank headquartered in Salt Lake City, Utah. It was organized under the laws of the State of Utah in 1997 and operates under federal banking law. Through its industrial bank charter, WebBank partners with companies to provide niche financing to businesses and consumers.

8.    Defendant Bluestem Brands, Inc. is a company with principal offices located in Minnesota. Bluestem Brands, Inc.'s flagship brand, Fingerhut, "has been in American homes since 1948, and allows customers to shop name-brand merchandise with the flexibility to pay over time."

9. Fingerhut offers two types of financing provided by WebBank to enable consumers to pay for their Fingerhut purchases: a WebBank/Fingerhut Revolving Credit Account or a Fingerhut FreshStart® Credit Account issued by WebBank. The Revolving Credit Account is a revolving line of credit that allows consumers to make repeat purchases up to the assigned credit limit; as a consumer pays her balance down, she will be able to make additional purchases. The Installment Loan is a one-time extension of credit that allows a consumer to finance a single order from Fingerhut up to the approved loan amount.

## FACTUAL ALLEGATIONS

10. In 2012, Plaintiff made purchases from Fingerhut via a credit line issued by WebBank, account number ending in 6546. WebBank charged Plaintiff an annual percentage interest rate of 24.90 percent.

11. Starting in or before January 2013, and in attempt to collect a past due balance allegedly owed to WebBank and Fingerhut, Fingerhut placed telephone calls to Plaintiff's cellular telephone number.

12. Fingerhut, on behalf itself and WebBank, called Plaintiff's cellular telephone number and delivered a message using an artificial or prerecorded voice, on at least three occasions in January 2013, including January 17, 2013 at 1:18 pm and on January 18, 2013.

13. Plaintiff, by and through her counsel, sent Defendant WebBank written correspondence dated February 6, 2013, stating in part: "Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them." *See* February 6, 2013 Correspondence, attached as Exhibit A.

14.     WebBank received Plaintiff's February 6, 2013 correspondence by certified mail on February 11, 2013 at approximately 1:38 pm.

15.     In addition, and on at least two separate occasions, including once in February 2013, Plaintiff spoke with a representative of Fingerhut and instructed Fingerhut to no longer call her on her cellular telephone, or to otherwise contact her by telephone.

16.     Despite not having consent to call Plaintiff on her cellular phone with an automatic telephone dialing system and/or an artificial or prerecorded voice, Fingerhut placed additional telephone calls to Plaintiff's cellular telephone number, including on the following dates and approximate times:

April 9, 2013 at 3:21 pm
April 18, 2013 at 11:24 am
April 19, 2013 at 11:07 am
April 19, 2013 at 5:21 pm
April 22, 2013 at 4:50 pm
April 23, 2013 at 4:32 pm
April 24, 2013 at 5:33 pm
April 25, 2013 at 10:25 am
April 25, 2013 at 4:16 pm
April 25, 2013 at 6:43 pm
April 27, 2013 at 4:27 pm
April 30, 2013 at 4:33 pm
April 30, 2013 at 6:16 pm
May 1, 2013 at 10:23 am
May 2, 2013 at 4:47 pm
May 3, 2013 at 11:10 am
May 10, 2013 at 1:34 pm
May 13, 2013 at 11:47 am
May 14, 2013 at 6:50 pm
May 16, 2013 at 6:59 pm
May 17, 2013 at 8:42 am
May 18, 2013 at 8:35 am
May 20, 2013 at 8:03 am
May 21, 2013 at 8:04 am
May 21, 2013 at 10:49 am
May 21, 2013 at 12:54 pm
May 22, 2013 at 8:05 am
May 22, 2013 at 8:54 am
May 22, 2013 at 11:28 am

May 22, 2013 at 1:32 pm
May 23, 2013 at 8:08 am
May 23, 2013 at 10:54 am
May 23, 2013 at 3:31 pm
May 24, 2013 at 8:06 am
May 24, 2013 at 10:57 am
May 24, 2013 at 2:08 pm
May 25, 2013 at 8:07 am
May 25, 2013 at 10:57 am
May 28, 2013 at 8:06 am
May 28, 2013 at 2:17 pm
May 28, 2013 at 5:04 pm
May 29, 2013 at 8:04 am
May 29, 2013 at 10:54 am
May 29, 2013 at 12:32 pm
June 5, 2013 at 4:05 pm
June 6, 2013 at 8:08 am
June 6, 2013 at 8:57 am
June 6, 2013 at 11:42 am
June 6, 2013 at 2:04 pm
June 7, 2013 at 8:04 am
June 8, 2013 at 8:04 am
June 8, 2013 at 10:28 am
June 10, 2013 at 8:19 am
June 17, 2013 at 1:57 pm
June 18, 2013 at 8:17 am
June 18, 2013 at 10:40 am
June 18, 2013 at 11:32 am
June 18, 2013 at 12:32 pm
June 19, 2013 at 8:36 am
June 19, 2013 at 10:09 am
June 19, 2013 at 12:23 pm
June 19, 2013 at 2:28 pm
June 20, 2013 at 10:37 am
June 20, 2013 at 2:45 pm
June 21, 2013 at 10:29 am
June 21, 2013 at 1:35 pm
June 22, 2013 at 8:07 am
June 22, 2013 at 10:28 am
June 24, 2013 at 8:26 am
June 24, 2013 at 10:10 am
June 24, 2013 at 1:24 pm
June 24, 2013 at 3:27 pm
June 25, 2013 at 8:20 am
June 25, 2013 at 10:54 am
June 25, 2013 at 12:58 am
June 25, 2013 at 3:03 pm

June 26, 2013 at 8:08 am
June 26, 2013 at 10:30 am
June 29, 2013 at 8:04 am
June 29, 2013 at 10:32 am
July 1, 2013 at 8:38 am
July 1, 2013 at 11:02 am
July 1, 2013 at 1:19 pm
July 1, 2013 at 3:24 pm
July 2, 2013 at 8:23 am
July 2, 2013 at 9:41 am
July 2, 2013 at 11:50 am
July 2, 2013 at 1:55 pm
July 3, 2013 at 8:22 am
July 3, 2013 at 10:52 am
July 4, 2013 at 8:17 am
July 5, 2013 at 8:02 am
July 5, 2013 at 10:32 am
July 6, 2013 at 8:05 am
July 8, 2013 at 8:23 am
July 8, 2013 at 11:08 am
July 9, 2013 at 8:19 am

17.     Upon information and belief, Fingerhut placed the above-referenced calls to Plaintiff's cellular telephone using an automatic telephone dialing system, as defined by 47 U.S.C. § 227 (a)(1).

18.     Fingerhut placed all of the above-referenced calls on its behalf, and on behalf of WebBank, in an effort to collect monies allegedly owed by Plaintiff to Defendants.

19.     Upon information and belief, Fingerhut's records will show additional calls made by it to Plaintiff's cellular telephone with an automatic telephone dialing system and/or an artificial or prerecorded voice.

20.     Fingerhut placed the telephone calls set forth herein to a telephone number assigned to a cellular telephone service.

21.     Defendants did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone.

22.     Fingerhut did not place any telephone calls to Plaintiff for emergency purposes.

6

23.     Upon information and belief, Fingerhut placed the telephone calls to Plaintiff identified above willfully and knowingly in that it consciously and deliberately made the calls referenced herein, and consciously and deliberately left, and intended to leave, voicemail messages using an artificial or prerecorded voice.

24.     Upon information and belief, Fingerhut had knowledge that it was using, and intended to use, an automatic telephone dialing system to make and/or an artificial or prerecorded voice to place the telephone calls identified above.

25.     In addition, and upon information and belief, WebBank had knowledge that Fingerhut was using, and intended to use, an automatic telephone dialing system to make and/or an artificial or prerecorded voice to place the telephone calls identified above to Plaintiff on WebBank's behalf.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and a Class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Bluestem Brands, Inc. and/or WebBank made or caused to be made one or more telephone calls (2) directed to a number assigned to a cellular telephone service (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint to the present.

Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

27.     The proposed Class is so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is ascertainable in that the cellular

telephone numbers of all members of the Class can be identified in business records maintained by Defendants.

28.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all of the Class members' claims originate from the same conduct, practice and procedure on the part of Defendants and Plaintiff possesses the same interests and has suffered the same injuries as each Class member.  Like all proposed members of the Class, Plaintiff received telephone calls from Defendants using an automatic telephone dialing system and/or an artificial or prerecorded voice, without her consent, in violation of 47 U.S.C. §227.

29.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation.  Plaintiff has no interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

30.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

31.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the entire Class.  Among the issues of law and fact common to the Class are:

      a.  Defendants' violations the TCPA as alleged herein;

      b.  Defendants' use of an automatic telephone dialing system;

c. Defendants' use of an artificial or prerecorded voice when leaving messages for consumers on their cellular telephones; and

d. the availability of statutory damages.

32.    Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATIONS OF 47 U.S.C. §227(b)(1)(A)(iii)

33.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 32.

34.    Defendants violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

35.    Defendants knowingly or willingly violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number.

36.    As a result of Defendants' violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the Class are entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action and designating Plaintiff as class representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Adjudging that Defendants violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendants did so knowingly and willingly, and enjoining Defendants from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the Class;

(c)    Awarding Plaintiff and members of the Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in an amount up to $1,500.00 per violation;

(d)     Awarding Plaintiff and members of the Class actual damages sustained as a result of Defendants' violations, pursuant to 47 U.S.C. §227(b)(3)(B);

(e)     Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(f)     Awarding other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED:  February 25, 2014                    Respectfully submitted,


                                             /s/Anita M. Kelley
                                             _____
                                             **ANITA M. KELLEY**
                                             LAW OFFICE OF ANITA M. KELLEY
                                             913-A Fifth Street NW
                                             Albuquerque, NM  87102
                                             Telephone:  505.750.0265
                                             amk@anitakelleylaw.com

                                             **MICHAEL L. GREENWALD\***
                                             GREENWALD DAVIDSON PLLC
                                             5550 Glades Road, Suite 500
                                             Boca Raton, FL 33431
                                             Telephone:  561.826.5477
                                             Fax:     561.961.5684
                                             mgreenwald@mgjdlaw.com

                                             Counsel for Plaintiff and the Proposed Class

                                             \* to seek admission *pro hac vice*